### NATIONAL WAISTBAND CO. v. MONHEIT et al.

(Circuit Court, S. D. New York. November 19, 1904.)

1. PATENTS—INFRINGEMENT—WAISTBANDS.

The Katz patent, No. 562,616, for a waistband for boys' trousers, discloses a patentable invention of utility, which was not anticipated, nor rendered void by prior public use; also *held* infringed by a structure in which the change from the patented article was merely colorable.

In Equity.

This is a suit for an injunction and an accounting. The complainant alleges that the defendants have infringed both claims of letters patent No. 562,616, dated June 23, 1896, and issued to Sam Katz, for a waistband for boys' trousers. The patent was assigned to the complainant, a domestic corporation, and such assignment includes the right to damages accruing before such assignment, if any. It is asserted that the defendant Schelinsky manufactures the infringing waistbands, and sells them to the defendants Monheit & Robinson, who complete the infringing structure by attaching the same to trousers. The defendants, in their answer and on the trial, claim noninfringement, want of invention, that the device shown and described in the patent in suit is not the invention of the patentee Katz, aggregation, and prior public use.

Briesen & Knauth (Henry M. Turk, of counsel), for complainant.
William R. Davis, for defendants.

RAY, District Judge (after stating the facts as above). The claims of the complainant's patent read as follows:

"(1) The combination with a folded U-shaped strip of fabric and loops of elastic cord with their ends secured therein by sewing, of a waistband-strip of longitudinally-folded fabric having buttonholes and also having eyelets through which pass the loops of elastic cord forming yielding buttonholes, the two strips being sewed together near their lower edges, substantially as set forth.

"(2) The combination with a folded U-shaped strip of fabric and loops of elastic cord with their ends secured therein by sewing, of the longitudinally-folded fabric forming a waistband and having buttonholes and also eyelets in the fabric below the buttonholes through which eyelets said loops of elastic cord pass, the two strips being sewed together near their lower edges, substantially as set forth."

The proof shows that the manufacture of waistbands of the description described in the complainant's patent, claims and specifications thereof, is an industry by itself, and such waistbands are sold by the manufacturers to the makers of boys' knee pants, who attach them to

the inside of the waist of the pants, so as to provide a convenient method for attachment to the wearer's shirt waist.

The construction consists of a longitudinally folded strip of fabric forming the body of the band having between its folds a U-shaped piece of fabric, between the sides of which are secured the ends of the elastic loop. The free end of the loop passes out through an eyelet formed in the body of the band, and the opposite ends of the elastic cord are secured to the U-shaped strip on the side of the fabric opposite the loops. An undulating line of stitches joins the sides of the waistband as to assist in keeping the U-shaped strip in place. The elastic loop is secured within the U-shaped strip by sewing, and the U-shaped strip and the body of the band are attached together near their lower end by a line of stitches. This last-mentioned line of stitches is made by the maker of the pants when the waistband is stitched to the trousers. The waistbands have buttonholes to attach them to the shirt waist, and the drawings of the patent show such buttonholes situated directly above the eyelets and loops above mentioned. Claim 2 of the patent is limited to this arrangement of buttonholes above the eyelets, and this arrangement is the one employed by the defendants. The office of the elastic loop.is to give a yielding structure at the point where the greatest strain comes at the back of the wearer of the trousers, and prevents the tearing out of the buttonholes or of the button when the wearer bends over. The folded U-shaped strip serves to form a reliable and a secure connection of the loop with the waistband, and also aids in protecting the loop from perspiration, thereby prolonging the usefulness of the loop. Further, it enables the strain upon the waistband where the loop is attached to be distributed over a considerable area of the waistband, so that such strain is not concentrated at one point. If this U-shaped piece were not used, the waistband would be much more liable to rupture. This use of the U-shaped piece makes it possible and practicable to use a lighter and a cheaper material in the manufacture of the waistband without the sacrifice of security, and also facilitates the manufacture of the waistband.

If buttonholes alone were used, the buttons would come off or tear out. If elastic loops alone were used, they would quickly be stretched out of shape, torn, or broken. Therefore the claims require buttonholes, eyelets, elastic loops, and U-shaped strips, and these elastic loops are protected by at least two thicknesses of fabric. The evidence shows that this structure is strong, sightly, well adapted to the purposes sought to be attained, and that it has become popular. It overcomes certain defects in prior structures which arose from certain defects in construction, which were of such moment that the structures would not hold together.

It may be that each element of the complainant's patent, standing by itself, is old, but the combination is new, and has produced new and useful results—results sought to be attained by others, but they have not been attained before. This invention has gone into quite extensive use.

I am constrained to hold, after a careful examination of the evidence, and do hold, that the structure referred to and fully described in the patent in suit, and alleged to be infringed, shows a patentable invention,

and is entitled to protection. I also find and hold that Sam Katz, the patentee named in such patent, No. 562,616, dated June 23, 1896, for a waistband for trousers, was the inventor, and that such described invention is the invention of the patentee, Katz. There is no want of invention, and no prior public use has been shown.

The defendants make the same structure described in the Katz patent, but they cut the U-shaped strip into separate pieces, instead of making it in one continuous piece, as is described in the patent; and the defendants claim that, under the reading of the claims of the patent in suit, the complainant is so limited to a single U-shaped strip of fabric, with loops of elastic cord, with their ends secured therein by sewing, fastened to a waistband strip, etc., they are at liberty to make the precise structure described in complainant's patent, provided this U-shaped strip is made or cut into separate pieces before being sewed or attached to the waistband of the boys' trousers. With this contention this court cannot agree. The effective part of the U-shaped strip is where it takes hold of and secures the loop. Between the loop-holding parts this U-shaped strip has no substantial function that would be affected by cutting such strip. See Standard Caster Co. v. Caster Socket Co., 113 Fed. 162–168, 51 C. C. A. 109; Bundy Mfg. Co. v. Detroit Time Register Co., 36 C. C. A. 375, 94 Fed. 524. The change that is made by the defendant in this U-shaped strip is merely colorable. It neither omits an element of complainant's patent, nor adds a new element. The structure or completed garment is not improved. It is substantially the same. In effect, it is a cutting of this U-shaped strip into pieces, and then a sewing of such pieces together again, which is accomplished when the strip is attached to the completed garment. It then becomes, in effect, one continuous, U-shaped strip.

This court has carefully examined the Spitz patent, No. 446,270, dated February 10, 1891, and the Terry patent, No. 464,402, dated December 1, 1891, and all the other patents put in evidence by the defendant, but is far from satisfied that anticipation or prior public use has been made out.

It may be well to remark that the court does not give full faith and credit to the testimony of the witnesses Spitz, Green, Enright, and Barrett. It is sufficient to say that the court has carefully examined the evidence in the case, the briefs of the respective counsel, and the cases cited, and is satisfied that the defenses alleged are not sustained.

The patent of the complainant is for a device of proven usefulness in a limited field; anticipation, in view of the prior art, is not shown; and the claims of the patent are limited to the structure invented by the applicant. Both novelty and utility are shown to exist in the complainant's device or invention. There is no question but that defendants' structure infringes, and the complainant is therefore entitled to the usual decree for an injunction and an accounting.